### BREGSTONE v. PERLMUTTER.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

1. EVIDENCE ☞318—COMPETENCY—LETTERS AND RECEIPTS OF THIRD PERSONS.

Plaintiff, who claimed defendant was a submanufacturer for him, sued for items alleged to be chargeable to defendant, which were inadvertently admitted from an account stated, and also for the conversion of other articles. Plaintiff put in evidence a letter sent by a third person referring to the fact that defendant had ordered the goods. Likewise a receipt in favor of such third person, apparently intended to prove that defendant had signed it, and a bill of such third person to plaintiff for such articles, were admitted over objection. *Held*, that such evidence was incompetent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. ☞318.]

2. APPEAL AND ERROR ☞1050—REVIEW—HARMLESS ERROR.

Where evidence wholly incompetent was received by the court with the remark that it would take same for what it was worth, the admission of such evidence was reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. ☞1050.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Nathan Bregstone against Solomon Perlmutter. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Selig Edelman, of New York City, for appellant.

Nathan Waxman, of New York City, for respondent.

BIJUR, J. Plaintiff sued for certain items alleged to be chargeable to defendant, which, as plaintiff claims, were inadvertently omitted from an account stated between the parties on May 21, 1914; the defendant having been what may be called a submanufacturer for plaintiff. Another action, tried herewith as one, is based on a charge of conversion of certain fixtures and some articles of clothing, the subject of manufacture.

[1] In regard to the larger item alleged to have been omitted from the account, plaintiff put in evidence a letter sent by a third party. The letter was highly important, as referring to the fact that the defendant had ordered the goods. It requires no explanation to demonstrate that the evidence was totally incompetent—apart from other defects of proof as to its authenticity—and should have been excluded.

Similarly, a receipt in favor of the same third person, apparently intended to prove that defendant had signed it, and a bill of such third person to the plaintiff for certain articles, were admitted over due objection, the court saying that it would take them "for what they are worth." It is quite evident that both papers were incompetent and inadmissible.

[2] Under ordinary circumstances, it might be possible to assume that they were admitted inadvertently, and, if merely cumulative proof, their admission might possibly be regarded as not prejudicial; but the remark of the learned court indicates that they were to be taken for "what they were worth." As evidence, however, under our system of proof, they were worthless, and should have been excluded absolutely. Under these circumstances, therefore, their admission was reversible error. Similarly another bill was admitted "to show title."

For these and other errors the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event as of one appeal. All concur.